# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-24-77-GLJ |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant, | ) |

## OPINION AND ORDER

This matter comes before the Court pursuant to the Movant Compsource Mutual Insurance Company's ("Compsource") Motion for Intervention and Supporting Brief [Docket No. 18]. On March 5, 2024, Plaintiff, Franklin Cole, filed this suit alleging damages arising out of an automobile accident that occurred in January 2023 which resulted in injury to Mr. Cole. Docket No. 2. At the time of the accident, Mr. Cole was acting in the course and scope of his employment as an employee of RAM, Inc., d/b/a Allford Propane. Docket No. 18, p. 1. Consequently, Compsource, as the employer's insurance carrier, paid workers compensation benefits in relation to the injuries Plaintiff suffered. Docket No. 18, p. 2. Compsource moved, as a first lien holder under 85A O.S. § 43, to intervene in this action to recover its share of any recovery by Plaintiff. Docket No. 18. Neither Plaintiff nor Defendant submitted a response in opposition to Compsource's Motion to Intervene. For the reasons set forth below, the Court finds that the Motion is GRANTED.

Federal Rule of Civil Procedure 24(a)(2) states that, "[o]n timely motion, the court must permit anyone to intervene who: [2] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." "Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (*citing Western Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)). The Tenth Circuit has "historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1165 (internal citations omitted).

Timeliness is determined based on the totality of the circumstances. *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010). The Court looks to "three factors as particularly important: [(1)] the length of time since the [movant] knew of [its] interests in the case' [(2)] prejudice to the existing parties; [and (3)] prejudice to the [movant]." *Id.* (alterations in original). Compsource's Motion is timely as it was filed prior to the entry of any scheduling order and this action remains in the early stages of litigation. Likewise, there is no prejudice to the existing parties by the joinder, and Compsource alleges significant prejudice if intervention is denied.

Additionally, Compsource has established that it has a legal interest relating to this litigation that could be potentially impaired, as "it is clear that an employer's workers

compensation carrier is entitled to be present in the litigation because they have a subrogation interest in any proceeds recovered from the third party." *Balthrop v. Wal-Mart Stores East, L.P.*, 2020 WL 130148, at *3 (W.D. Okla. Jan. 10, 2020). "We apply practical judgment when determining whether the strength of the interest and potential risk of injury to that interest justify intervention," and this is "a minimal burden." *Kane County*, 928 F.3d at 891. (internal citations omitted). Compsource meets the minimal burden required.

Finally, the existing parties do not adequately represent Compsource's interests. "This burden is minimal and it is enough to show that the representation *may* be inadequate." *Id.* at 892. (quotations omitted) (emphasis added). Indeed, "the possibility of divergence of interest need not be great in order to satisfy the burden of the applicants[.]" *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978). Compsource's interest would not be properly protected if it were not permitted to intervene as it would not be entitled to a lien under 85 O.S. § 43(A)(1)(C) against any recovery. 85 O.S. § 43(A)(1)(C) ("If the employer or employer's carrier join in the action against a third party for injury or death, they shall be entitled to a first lien on two-thirds (2/3) of the net proceeds recovered in the action[.]"); *Balthrop*, 2022 WL 160148, at *3 ("[F]ederal courts in Oklahoma have uniformly granted timely motions to intervene by an employer's carrier and have thus, by implication, consistently found that the subrogation interest of an employer's carrier would not be adequately represented by the injured employee.").

Accordingly, this Court finds that Compsource Mutual Insurance Company has a right to intervene herein pursuant to Fed. R. Civ. P. 24(a)(2). The Motion for Intervention

-4-

by Compsource Mutual Insurance Company and Supporting Brief [Docket No. 18] is hereby GRANTED. Movant, Compsource Mutual Insurance Company, is hereby directed to file its Complaint in Intervention by June 28, 2024.

    IT IS SO ORDERED this 27th day of June 2024.

    **GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**